E. WILLSON, ET AL. *v.* W. HODGE'S GDN., ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—525.]

**Statute of Limitations.**

 The statute of limitations will not run against an infant, and the fact that such infant has a guardian will not change the fact.

**Statute of Limitations as to Surety.**

 Gen. Stat. 1888, art. 6, § 3, provides that a surety for an executor, administrator, guardian or curator, or sheriff to whom a decedent's estate has been transferred, is discharged from liability to a distributee, devisee or ward when no suit is brought within five years after the cause of action accrues, and after the distributee, or ward, attains the age of twenty-one years.

APPEAL FROM BATH CIRCUIT COURT.

January 28, 1886.

OPINION BY JUDGE PRYOR:

We see but little difficulty in determining the question involved in this case. General Statutes, 1888, art. 6, § 3, provides that "A surety for an executor, administrator, guardian or curator, or for a sheriff to whom a decedent's estate has been transferred, shall be discharged from all liability as such to a distributee, devisee, or ward when five years shall have elapsed without suit after the accruing of the cause of action and after the attaining of full age by the devisee, distributee or ward; but the failure to commence action in time by one shall not affect the right of another."

The ordinary rule under which the statute of limitations is made to run against the trustee in whom is vested the legal title, and therefore against the beneficiary, does not apply in a case like this. Here the executor of William A. Hodge, who was Jefferson Dawson, became insolvent, and upon a settlement of his accounts he became indebted to the appellee, Willie, the only child of the testator, in a considerable sum of money. She was then an infant and sued as an infant, by her guardian in the present proceeding, seeking to make the sureties in the bond given by her father's executor liable for the money found due to her on settlements. The defense of the statute of limitations is interposed because the infant has a guardian who could have sued for her within the five years. The infant instituted this action by her guardian, and by the express provision of the statute time can not be interposed as a bar to the recovery while the disability continues. That the guardian has the custody of the ward can make no difference, and while he may become liable to the ward by reason of his laches, if the surety becomes insolvent it affords no reason for releasing the sureties on the bond by reason of the lapse of time. The judgment, therefore, for the infant was proper; and upon a calculation of the amounts due the ward, it will be found that the small error complained of in the judgment does not exist.

The infant is also claiming the interest of her mother, who is now dead and who was entitled as widow of her deceased husband to a part of the personalty. The widow could have instituted her action for the money due her long before she died, and five years having elapsed and no suit being brought, the statute was properly pleaded; and besides her administrator is the party to bring the action and not the infant plaintiff. Her unfortunate condition of

mind did not prevent the statute of limitations from running, as it is not made an exception by its provisions, and therefore the judgments denying the recovery of the mother's interest was also proper. The objection that the chancellor below should have ascertained how much each devisee was liable to contribute was not made in that court, and while this perhaps would have been the proper course it appears that each party has ample estate descended or devised to them by their ancestor to pay their protection of the debt, and in making such payment the commission no doubt will proceed to sell the land of the one in default, or who has failed to comply with the judgment.

The judgment is *affirmed.*

*H. L. Stone, for appellant.*

*J. M. & J. J. Nesbitt, R. Gudgell & Son, for appellee.*